# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID P. LEIBOWITZ, as Trustee of the Bankruptcy Estate of Theodoric Owens, Sr. aka Theo Owens, Sr. | )<br>)<br>) |
| Plaintiff, | ) No. 16-CV-07092 |
| v. | ) Judge John J. Tharp, Jr. |
| KEITH SHINDLER and MICHAEL JOYCE, individually and as a partnership doing business as Shindler & Joyce, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Keith Shindler and Michael Joyce have moved to compel arbitration and stay this Fair Debt Collection Practices Act ("FDCPA") case. Because the defendants can enforce the arbitration provision, the motion to compel arbitration and stay this case is granted.

## BACKGROUND

Plaintiff David Leibowitz, acting as trustee for the bankruptcy estate of Theodoric Owens, Senior ("Owens"), sued Defendants Keith Shindler and Michael Joyce as individuals and the partnership Shindler & Joyce for violating the FDCPA.[1] The facts are simple. On October 20, 2015, Shindler & Joyce sued Owens in Lake County, Illinois for defaulting on a retail installment contract for a used car. Compl. ¶ 13. The issue is that Owens, according to the complaint, entered into the contract in Griffith, Indiana. *Id*. at ¶ 14. Griffith is located in Lake County, **Indiana**, not Lake County, Illinois. *Id*. at ¶ 15. The two Lake Counties are in fact over 70 miles apart and, according to the complaint, it is virtually impossible to get from one to the

---

[1] As no distinction at this stage is made between the defendants, the Court refers to all the defendants as "Shindler & Joyce."

other via public transportation. *Id*. Owens has never lived in Lake County, Illinois. *Id*. at ¶ 16. Through the trustee, he argues that Shindler & Joyce violated the FDCPA by suing him in Lake County because the FDCPA allows suits to collect debts only in the judicial district where a consumer lives or where he signed the contract. 15 U.S.C. § 1692i. Shindler & Joyce have moved to compel arbitration based on an arbitration clause in the contract that states either party may require arbitration in any "controversy or claim between You and Us arising out of or in any way related to this Contract." *See* Def.'s Ex. 1 at 5, ECF No. 19-1.

**DISCUSSION**

A district court may compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 4, if the movant makes three showings: "a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate."[2] *Zurich Am. Ins. Co. v. Watts Indus.*, 417 F.3d 682, 687 (7th Cir. 2005). The parties appear to agree that Owens and Credit Acceptance Corporation signed a written agreement to arbitrate disputes that arose between them "arising out of or in any way related to this Contract."[3] *See* Def.'s Ex. 1 at 5.

The first question, therefore, is whether the FDCPA claim falls within the ambit of the arbitration agreement. Shindler & Joyce devote a single paragraph with no citations beyond the language of the contract in arguing that it does. *See* Mot. at 6. While such poor argument would generally be insufficient to prove a required condition, there is a presumption of arbitrability and arbitration should be ordered unless the clause "is not susceptible of an interpretation that covers the asserted dispute." *IBEW Local 2150 v. NextEra Energy Point Beach, LLC*, 762 F.3d 592, 594

---

[2] As an initial matter, the Court notes that Shindler & Joyce's motion makes no mention of the third element and does not suggest that it attempted to persuade the plaintiff to engage in arbitration. Owens, however, makes no argument that this element is not met so the Court does not address it further.

[3] Credit Acceptance Corporation was originally named as a defendant but was voluntarily dismissed with prejudice, *see* Dkt. 11, prior to the filing of this motion.

(7th Cir. 2014). Furthermore, the Seventh Circuit reads provisions requiring arbitration of disputes "arising out of and relating to" a contract to be "extremely broad and capable of an expansive reach." *Gore v. Alltel Communs., LLC*, 666 F.3d 1027, 1033-34 (7th Cir. 2012). The plaintiff has not argued that this suit is not "related to" the contract, so the Court considers this prong conceded by the plaintiff.[4]

Both parties focus their arguments on whether or not Shindler & Joyce can equitably enforce the arbitration agreement (having not been a party to the original contract). The arbitration provision provides that "You" (the consumer) and "Us" are allowed to invoke the provision. "Us" is defined as the "Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation) or their employees, assignees, or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between You and Us." *See* Def.'s Ex. 1 at 4. It seems plain Shindler & Joyce was never so named as a party,[5] but the defendants argue that they can enforce the provision through equitable estoppel.

---

[4] The Court notes that it is not clear that this suit does in fact fall within the scope of the arbitration agreement. The dispute here is not about the contract at all and the connection between this FDCPA claim and the original contract is tenuous: the contract gave rise to the debt that was the subject of the collection suit which in turn gave rise to this FDCPA suit. The only relevant facts for the FDCPA claim come from outside the contract: where Owens lived at the time he was sued, where he signed the contract (which is not apparent on the face of the contract), and where Shindler & Joyce sued him. *See* 15 U.S.C. § 1692i. None of those are determined by the contract; it is not the source of the right that Owens asserts in this action. The right Owens asserts—to be sued on the debt only in Lake County, Indiana or the county where he resides—is a right provided by the FDCPA, not by the automobile purchase contract. In asserting that right, then, Owens is asserting a statutory right, not one that arises from the purchase contract. However, Owens did not raise this argument, and in this circuit "unsupported and undeveloped arguments are waived." *United States v. Diekemper*, 604 F.3d 345, 355-56 (7th Cir. 2010) (quoting *United States v. Turcotte*, 405 F.3d 515, 536 (7th Cir. 2005)).

[5] Plaintiff, however, cites an unpublished Eastern District of Pennsylvania case for the proposition that the "named as a party" language extends to "claims against a third party only if that third party was named in a lawsuit between the plaintiff and the other party." Resp. at 4

Equitable estoppel generally applies when a "signatory's claims are grounded in or intertwined with claims under the agreement that subjects the signatory to arbitration." *Pa. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 713 F. Supp. 2d 734, 745 (N.D. Ill. 2010). "[W]hen each of a signatory's claims against a nonsignatory 'makes reference to' or 'presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement and arbitration is appropriate." *Hoffman v. Deloitte & Touche, LLP*, 143 F. Supp. 2d 995, 1004-05 (N.D. Ill. 2001) (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)). Here, it is at least arguable that the claim presumes the existence of the written agreement, because part of the plaintiff's argument is that Owens signed the agreement in a different judicial district.

More importantly, however, equitable estoppel also applies when the signatory and the non-signatory are involved in "substantially interdependent and concerted misconduct." *Hoffman,* 143 F. Supp. 2d at 1005. An agent who sends debt collection letters on behalf of a contract party can invoke the arbitration agreement signed by the principal. *See Johnston v. Arrow Fin. Servs., LLC,* No. 06 C 0013, 2006 WL 2710663, at *5 (N.D. Ill. Sept. 15, 2006); *see also Holden v. Deloitte & Touche LLP*, 390 F. Supp. 2d 752, 767 n.14 (N.D. Ill. 2005). Here, the alleged FDCPA violation arises out of Shindler & Joyce's representation of a contract party (Credit Acceptance Corporation) in a lawsuit attempting to collect on the defaulted contract balance. Originally both Credit Acceptance Corporation and Shindler & Joyce were named as defendants in this suit and both were alleged to have violated the statute when they (together)

---

(*citing Gonzalez v. DRS Towing LLC,* Eastern District of Pennsylvania, 12-cv-5508, dkt. 8, filed 11/30/2012). In that case, only the debt collector had been named in the suit. In this case, however, Credit Acceptance Corporation (which is listed as an assignee within the contract) was initially named as a defendant in this suit. Thus, if the plaintiff's reading of that language is correct, his own actions have given Shindler & Joyce the ability to enforce the agreement as they have now been named in a lawsuit between the plaintiff and the other party.

brought the collection suit in the wrong venue. Their actions were substantially interdependent and concerted, as Shindler & Joyce were serving as Credit Acceptance Corporation's lawyers. Thus, Shindler & Joyce can invoke the arbitration agreement through equitable estoppel, standing in the shoes of Credit Acceptance Corporation.

Finally, Owens argues that Shindler & Joyce waived their right to arbitrate when they filed the debt collection suit against him rather than proceeding to arbitration. *See* Resp. at 10. The arbitration agreement itself is voluntary, not mandatory – either party "may require any Dispute to be arbitrated" — and the agreement specifically states that arbitration may be invoked "before or after a lawsuit has been started over the Dispute." *See* Def.'s Ex. 1 at 5. The right to arbitrate is waived when "a party acted inconsistently with the right to arbitrate," especially when it was not diligent in asserting its right to arbitration. *Kawasaki Heavy Indus. v. Bombardier Rec. Prods.*, 660 F.3d 988, 994 (7th Cir. 2011). "Other factors that we consider include whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration, or participated in discovery." *Id*. As Shindler & Joyce notes, there has been no discovery in this case and the request for arbitration was filed promptly after this case was filed.

Moreover, Shindler & Joyce invoked its right to arbitration at the first possible moment. While Credit Acceptance Corporation obviously had a right to arbitrate the collections claim, Shindler & Joyce only became able to assert the arbitration provision on its own behalf when it was charged with misconduct as a party in this lawsuit. Few lawyers would assert they have the ability to compel their clients to participate in arbitration regarding contracts between their clients and third parties if they are not parties themselves to the dispute. Thus, Shindler & Joyce acted promptly to invoke the arbitration clause and did not waive their right to arbitration.

\*   \*   \*

For the reasons stated above, the motion to compel arbitration is granted. Shindler & Joyce have the ability to equitably enforce the arbitration clause and have not waived their right to do so. The Court therefore compels arbitration in this matter and stays this case pursuant to 9 U.S.C. § 3. The parties are required to submit a report on the status of the arbitration proceeding on September 1, 2017, and every 90 days thereafter during the pendency of the arbitration, and a report within 30 days of the completion of the arbitration proceeding.

Dated: August 9, 2017

John J. Tharp, Jr.
United States District Judge